**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **JENNIFER G.,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. EA-25-2678** |
| **FRANK J. BISIGNANO, Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |

**MEMORANDUM ORDER**

On August 14, 2025, Plaintiff Jennifer G. petitioned this Court to review the final decision of the Social Security Administration denying her claim for benefits.[1] ECF No. 1. On August 7, 2026, the undersigned affirmed the final decision denying Plaintiff's application for benefits. ECF Nos. 26–27; *Jennifer G.* v. *Bisignano*, Civil Action No. EA-25-2678, 2026 WL 2279330 (D. Md. Aug. 7, 2026). On August 21, 2026, Plaintiff moved for reconsideration pursuant to Local Rule 105.10 (D. Md. Dec. 1, 2025). ECF No. 28. The motion is fully briefed, and no hearing is necessary.[2] ECF No. 29; Local Rule 105.6.

A Local Rule 105.10 motion for reconsideration is construed as a Federal Rule of Civil Procedure 59(e) motion to alter or amend a judgment. *Jarvis* v. *Berryhill*, Civil Action No. TMD-15-2226, 2017 WL 467736, at *1 (D. Md. Feb. 3, 2017). A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments[,] or present evidence that could have been raised prior to the entry of judgment." *Kimberly B.* v. *Kijakazi*, Civil Action No. TJS-

[1] This case was referred to a United States Magistrate Judge with the parties' consent and reassigned to the undersigned on June 29, 2026. ECF Nos. 3–5; 28 U.S.C. § 636; Local Rule 301.4 (D. Md. Dec. 1, 2025).

[2] Plaintiff elected not to file a reply and time for doing so has expired. Local Rule 105.2(a).

20-2877, 2022 WL 748097, at *1 (D. Md. Mar. 11, 2022) (quotation marks and citation omitted). The Court may alter or amend a final judgment pursuant to Rule 59(e) only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Krista M.* v. *Kijakazi*, Civil Action No. MJM-21-2474, 2023 WL 9173074, at *1 (D. Md. Dec. 7, 2023) (citing *United States ex rel. Becker* v. *Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)). "The grounds for reconsideration are purposefully narrow to prevent the motion from being used to" relitigate issues the Court has already considered and decided. *Crocetti* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018). Ultimately, reconsideration of a final judgment is an "extraordinary remedy that should be used sparingly." *Jarvis*, 2017 WL 467736, at *2.

In support of her reconsideration, Plaintiff points to decisions of this Court that have reached a different conclusion with respect to the issue Plaintiff raised on appeal regarding the sufficiency of the Administrative Law Judge's hypothetical question to the vocational expert.[3]

---

[3] Plaintiff repeatedly references *Linger* v. *Commissioner of Social Security*, No. 22-2192, 2025 WL 40548, at *1 (4th Cir. Jan. 7, 2025), an unpublished and thus non-binding decision. ECF No. 28 at 2, 4–5. As the undersigned noted previously, "*Linger* reversed and remanded the case due to myriad errors that permeated the [Administrative Law Judge's] analysis and rendered the decision as a whole unsupported by substantial evidence." *Autumn C.* v. *Bisignano*, Civil Action No. EA-25-1592, 2026 WL 2042105, at *3 (D. Md. July 15, 2026) (denying reconsideration). "[T]he *Linger* panel concluded that the phrase 'no fast[-]paced production requirements such as assembly line work or piecemeal quotas' engendered 'uncertainty as to the intended scope of the limitation.'" *Id.* Yet, another panel recently noted, in a published decision, that a moderate limitation in concentrating, persisting, or maintaining pace was appropriately accommodated by "a limitation to unskilled, routine, repetitive tasks at a *non-production pace* and the ability to sustain concentration in two-hour intervals." *Calhoun* v. *Commissioner of Soc. Sec.*, No. 24-1315, --- F.4th---, 2026 WL 2602326, at *5 n.7 (4th Cir. Sept. 3, 2026) (emphasis added). Unless and until the United States Court of Appeals for the Fourth Circuit squarely addresses the issue of the phrasing of production rate or pace hypothetical questions and corresponding residual functional capacity determinations, district courts must apply the existing case law, which is mixed, and their own reason and judgment to each case, which is precisely what the undersigned did here. At bottom, Plaintiff "simply disagrees with my analysis of her argument," which does not support reconsideration under Federal Rule of Civil Procedure 59(e).

ECF No. 28 at 2–5. Plaintiff also relies on a decision of this Court that was handed down after the undersigned affirmed the denial of Plaintiff's application for benefits. *Id.* at 5 (discussing *Brian N.* v. *Bisignano*, Civil Action No. DRM-25-3159, 2026 WL 2386284 (D. Md. Aug. 14, 2026)). Plaintiff candidly acknowledges that she "does not contend that [*Brian N.*] constitutes an intervening change in controlling law." *Id.* at 5. Nor could she. The cited decisions are persuasive authority reflecting the judgment of other judicial officers of this Court. While they are entitled to respect and consideration, they do not supply a basis for reconsideration because they do not constitute an intervening change in controlling law or signal any clear error in the undersigned's decision. As to "clear error," "there must be more than simply a 'mere disagreement' with a decision to support a Rule 59(e) motion." *Williams* v. *Fontanez*, Civil Action No. GLR-22-1882, 2023 WL 8174323, at *1 (D. Md. June 5, 2023) (quoting *Hutchinson* v. *Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993)). This is because a "'factually supported and legally justified' decision does not constitute clear error." *Jarvis*, 2017 WL 467736, at *1 (quoting *Hutchinson*, 994 F.2d at 1081-1082). Further, "clear error" will not be found when the prior decision is "just maybe or probably wrong"; it must be "dead wrong." *TFWS, Inc.* v. *Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quotation marks and citation omitted). Because Plaintiff's motion is bereft of any of the threshold criteria for reconsideration, it is both ill-founded and a needless consumption of judicial resources.

For the foregoing reasons, it is hereby ORDERED that Plaintiff's motion for reconsideration (ECF No. 28) is DENIED.

Date: September 18, 2026

/s/
Erin Aslan
United States Magistrate Judge

---

*Crocetti* v. *Commissioner, Soc. Sec. Admin.*, Civil Action No. SAG-17-1122, 2018 WL 3973074, at *1 (D. Md. Aug. 1, 2018).